UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:99cr50/RV/CJK
 3:14cv276/RV/CJK

PAUL E. CLAYTON
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 222).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant was sentenced on December 15, 2000, to a term of 270 months imprisonment after pleading guilty to conspiracy to possess with intent to distribute fifty grams or more of crack cocaine (docs. 121, 132).  The Eleventh Circuit affirmed Defendant's conviction and sentence on appeal in October of 2001 (doc. 159).

Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 165). This motion was denied in 2004 over Defendant's objection (*see* docs. 179–182). Defendant unsuccessfully moved to reduce his sentence based on the crack cocaine amendments (docs. 190, 191), and the Eleventh Circuit affirmed (doc. 206). Defendant has now filed another motion to vacate in which he seeks relief pursuant to the recent Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which he suggests announced a new substantive rule that is retroactively applicable to his case (doc. 222).

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Oliveros-Estupinan,* 544 F. App'x 930 (11th Cir. 2014). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or

Case 3:99-cr-00050-RV-CJK   Document 224   Filed 06/19/14   Page 3 of 4

Page 3 of 4

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 222), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of June, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos: 3:99cr50/RV/CJK; 3:14cv276/RV/CJK

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**