UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.   3:99cr50/RV/CJK
                3:16cv329/RV/CJK

PAUL EVERETTE CLAYTON,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 249). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was sentenced on December 15, 2000, to a term of 270 months imprisonment after pleading guilty to conspiracy to possess with intent to distribute

more than 500 grams of cocaine and fifty grams or more of crack cocaine. (ECF Nos. 99, 121, 132). Defendant's conviction and sentence were affirmed on appeal. (ECF No. 159). Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255. (ECF No. 165). This motion was denied in 2004. (*See* ECF Nos. 179-182). In February 2009, Defendant unsuccessfully moved to reduce his sentence based on the crack cocaine amendments (ECF Nos. 190, 191), and the Eleventh Circuit affirmed. (ECF No. 206). In June 2014, Defendant filed another motion to vacate seeking relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which he argued announced a new substantive rule of law that was retroactively applicable to his case. (ECF No. 222). That motion was summarily dismissed as successive because Defendant had failed to obtain authorization from the Eleventh Circuit to file a successive motion to vacate. (*See* ECF Nos. 224-227). Subsequently, Defendant's motion for a certificate of appealability was denied by the Eleventh Circuit. (ECF No. 236). In May 2014, Defendant unsuccessfully moved to reduce his sentence based on Amendment 782 to the Sentencing Guidelines (ECF Nos. 238, 239), and the Eleventh Circuit dismissed Defendant's appeal for want of prosecution. (ECF No. 248). In the instant motion, the third such motion Defendant

has filed, he seeks relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (ECF No. 249).

As Defendant is aware, before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 200; *Carter v. United States,* 405 F. App'x. 409 (11th Cir. 2010).   This authorization is required even when, as here, a defendant bases his motion on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he is clearly aware of the need to do so based on the dismissal of his previous successive § 2255 motion.  (ECF No. 226).  Therefore, the instant motion to vacate must be dismissed.

CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 249), be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:99cr50/RV/CJK; 3:16cv329/RV/CJK

At Pensacola, Florida, this 30th day of September, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:99cr50/RV/CJK; 3:16cv329/RV/CJK